# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| CARLTON MICHAEL GARY, | : | |
| Plaintiff, | : | |
| | : | NO. 5:10-CV-61 (MTT) |
| VS. | : | |
| BRIAN OWENS, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Brian Owens, Steve Upton, Glenn Johnson, and Keith Eutsey. Doc. 5. For the following reasons, it is hereby **RECOMMENDED** that the motion be **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 7, 2010, Plaintiff Carlton Michael Gary executed the instant Complaint alleging that the Defendants' denial of contact visits, strip search practices, visitation procedures, and restrictions on his recreation and out of cell time violated his constitutional rights. Doc. 1. In response, and after waiving service, Defendants Owens, Upton, Johnson, and Eutsey filed the instant motion alleging, among other things, that this action should be dismissed because of the Plaintiff's failure to exhaust his administrative remedies prior to filing the instant action.

### DISCUSSION

The Prison Litigation Reform Act (PLRA) mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). Moreover, the Eleventh Circuit has made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, F.3d 1321, 1326 (11th Cir. 1998).

Where, as here, a motion seeking dismissal based on the affirmative defense of failure to exhaust is filed, review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal when the plaintiff's version of the facts is accepted as true, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At this second stage of the analysis, it is the defendants' burden to prove that the plaintiff has failed to exhaust his available administrative remedies. Id.

In this case, there is a dispute of fact between the parties concerning exhaustion of remedies. Defendants contend in their Motion to Dismiss that the Plaintiff had not, in fact, exhausted his administrative remedies prior to filing this action. Plaintiff has given conflicting statements regarding his attempts to pursue administrative remedies. In his Complaint, the Plaintiff originally stated that he exhausted his administrative remedies by filing "several Informal Grievances and Formal Grievances" that were "denied at both levels, including appeals." Doc. 1-2 p. 5. In his response to the Motion to Dismiss, however, Plaintiff explains that he tried to exhaust his administrative remedies by filing an informal grievance regarding the alleged denial of contact visitation. When this grievance was rejected, Plaintiff contends he could not file a formal grievance or appeal, apparently suggesting that further pursuit of the administrative process would be futile. Doc. 19 pp. 6-8 and 19-2. Accepting the Plaintiff's first version of the facts as true, the Complaint does not appear to be subject to dismissal. Thus, the Court must proceed to make specific findings of fact in order to resolve the disputed factual issues related to exhaustion.

In support of their Motion to Dismiss, the Defendants submitted affidavits and evidence indicating that the Plaintiff had not exhausted his administrative remedies. In the affidavit of James

Brown (Doc. 15-10), the prison's grievance coordinator testifies that prison records show Plaintiff filed four formal grievances in 2010, complaining of excessive strip searches, disregard of his medical profile, inadequate out-of-cell recreation time, and harassment by Defendant Eutsey. Defendants have also submitted copies of the grievances and the subsequent appeals.

None of these grievances had completed the administrative process before Plaintiff filed his lawsuit. Formal grievance no. 39038, complaining of excessive strip searches, was filed on January 27, 2010, and was appealed on February 15, 2010. The appeal was denied on April 2, 2010. Formal grievance no. 40635, complaining about disregard of a medical profile, was filed on February 15, 2010, and appealed on March 5, 2010. The appeal was not complete at the time the Defendants filed their Motion to Dismiss, on May 4, 2010. Formal grievance no. 41487, complaining about lack of out-of-cell and recreation time, was filed on February 17, 2010, and appealed on March 2, 2010. The appeal was still pending at the time Defendants filed their Motion. Formal grievance no. 42339, complaining of harassment, was filed on March 1, 2020, and appealed on March 10, 2010. The appeal was not complete at the time Defendants filed their Motion.

In his response, Plaintiff refers to only one informal grievance, related to the alleged denial of contact visitation. He attaches a copy of the grievance showing that it was filed on January 5, 2010. The copy does not appear to have a grievance number assigned. Plaintiff makes no mention of the four grievances discussed in Defendants' Motion, and Defendants contend they have no record of the January 5 grievance in their files. Plaintiff apparently concedes that he did not pursue the January 5 grievance beyond the informal level.

The evidence submitted by the parties supports a finding that Plaintiff had failed to exhaust his administrative remedies prior to filing suit. It is all but uncontested that no grievance had been completely exhausted as of February 7, 2011, when this case was filed. The PLRA, at 42 U.S.C. § 1997e(a), requires a prisoner to exhaust available remedies before filing suit. In this case, Plaintiff filed suit before exhausting his remedies. Accordingly, **IT IS RECOMMENDED** that the

Plaintiff's failure to exhaust his administrative remedies be found as fact and that the Defendants' Motion to Dismiss be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 10th day of February, 2011.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge